

United States District Court
Southern District of Texas
FILED

MAR 23 2001

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

---

ENTERTAINMENT BY J & J, INC., as Broadcast Licensee of the **September 18, 1999 DeLaHoya/Trinidad** Program,

        Plaintiff,

-against-

BALDEMAR TORRES, JR., Individually, and d/b/a BT'S SPORTS PUB & GRILL a/k/a BT'S a/k/a BT'S SPORTS BAR and BT'S SPORTS PUB & GRILL a/k/a BT'S a/k/a BT'S SPORTS BAR;

MARCELLA LOUISE ERVIN, Individually, and d/b/a PELICAN'S and PELICAN'S;

MINERVA RAMIREZ SANDOVAL, Individually and d/b/a DESPERADO'S NIGHTCLUB a/k/a DESPERADOS NIGHTCLUB and DESPERADO'S NIGHTCLUB a/k/a DESPERADOS NIGHTCLUB;

        Defendants.

---

**VERIFIED COMPLAINT**

Civil Action No. **B-01-051**

Plaintiff, **ENTERTAINMENT BY J & J, INC.**, by their attorneys, LONSTEIN LAW OFFICE, P.C. complaining of the defendants herein respectfully sets forth and alleges, upon information and belief, as follows:

#### JURISDICTION AND VENUE

1.    This action is brought pursuant to 47 U.S.C. §§ 553, 605, et seq.

-1-

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. §1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

3. Jurisdiction is based on diversity of citizenship and amount in controversy (28 U.S.C. sec. 1332(a)(1). The matter in controversy is between citizens of different states and it exceeds the sum value of $75,000.00 exclusive of interest and costs.

4. Upon information and belief, venue is proper in this court because, inter alia (i) at least one of the defendants reside in Cameron County of Texas, which is within the Southern District of Texas [28 U.S.C. §124 (b)(4)] and all defendants reside within the State of Texas.

5. This action is also brought under the Court's ancillary and pendent state jurisdiction.

6. This Court has personal jurisdiction over the parties in this action as a result of the defendants' wrongful acts hereinafter complained of which violated plaintiff's rights as distributor of the transmission signal of the fight as hereinafter set forth at length. The defendants' wrongful acts consisted of the interception or tortious conversion of said property of plaintiff within the control of the plaintiff in the State of Texas.

## THE PARTIES

7. The plaintiff, **ENTERTAINMENT BY J & J, INC.** is a California based corporation with its principal place of business at 2380 So. Bascom Avenue, Suite 200, Campbell, California 95008.

8. That upon information and belief the defendant, BALDEMAR TORRES, JR., residing at 304 Coronado, South Padre Island, TX 78597, and having a mailing address of PO Box 3723,

South Padre Island, TX 78597, is an individual and d/b/a BT'S SPORTS PUB & GRILL a/k/a BT'S a/k/a BT'S SPORTS BAR.

9. The defendant, d/b/a BT'S SPORTS PUB & GRILL a/k/a BT'S a/k/a BT'S SPORTS BAR, is a business entity, the exact nature of which is unknown, having its principal place of business at 121 Queen Isabella Blvd, Unit 121B, Port Isabel, TX 78578.

10. Defendant, d/b/a BT'S SPORTS PUB & GRILL a/k/a BT'S a/k/a BT'S SPORTS BAR, upon information and belief, is a sole proprietorship licensed to do business in the State of Texas.

11. That upon information and belief the defendant, MARCELLA LOUISE ERVIN, with a mailing address of PO Box 242, Port Mansfield, TX 78598, is an individual and d/b/a PELICAN'S.

12. The defendant, d/b/a PELICAN'S, is a business entity, the exact nature of which is unknown, having its principal place of business at 1001 E Port, Port Mansfield, TX 78598.

13. Defendant, PELICAN'S, upon information and belief, is a sole proprietorship licensed to do business in the State of Texas.

14. That upon information and belief the defendant, MINERVA RAMIERZ SANDOVAL, with a mailing address of RR 1 Box 737, Raymondville, TX 78580-9722, is an individual and d/b/a DESPERADO'S NIGHTCLUB a/k/a DESPERADOS NIGHTCLUB.

15. The defendant, DESPERADO'S NIGHTCLUB a/k/a DESPERADOS NIGHTCLUB, is a business entity, the exact nature of which is unknown, having its principal place of business at 589 N. 7th Street, Raymondville, TX 78580.

16. Defendant, DESPERADO'S NIGHTCLUB a/k/a DESPERADOS NIGHTCLUB, upon information and belief, is a sole proprietorship licensed to do business in the State of Texas.

## COUNT I

17. Plaintiff, **ENTERTAINMENT BY J & J, INC.**, hereby incorporates by reference all of the allegations contained in paragraphs "1" through "16", inclusive, as though set forth herein at length.

18. By contract, plaintiff, **ENTERTAINMENT BY J & J, INC.**, was granted the right to distribute the **DE LA HOYA/TRINIDAD** program (this includes all undercard bouts and the entire television broadcast) scheduled for **SEPTEMBER 18, 1999,** via closed circuit television and via encrypted satellite signal. Said event originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal (hereinafter referred to as the "Program").

19. Pursuant to the contract, plaintiff, **ENTERTAINMENT BY J & J, INC.**, entered into subsequent agreements with various entities in the State of Texas, allowing them to publicly exhibit the Program to their patrons.

20. Plaintiff, **ENTERTAINMENT BY J & J, INC.**, expended substantial monies in consideration of the aforementioned agreement to transmit the Program to those entities in the State of Texas, who in turn, entered into agreements with plaintiff, **ENTERTAINMENT BY J & J, INC.**, to exhibit the Program to their patrons.

21. With full knowledge that the Program was not to be received and exhibited by entities unauthorized to do so, the defendants and/or their agents, servants, workmen or employees unlawfully intercepted, received and/or de-scrambled said satellite signal and did exhibit the Program at the above-captioned addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

22. That upon information and belief, the defendants and/or their agents, servants, workmen and employees used an illegal satellite receiver, intercepted plaintiff's signal and/or used an illegal cable converter box or device to intercept plaintiff's broadcast which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems.

23. 47 U.S.C. §605 (a) prohibits the unauthorized reception and publication or use of communications (such as the transmission for which plaintiff, **ENTERTAINMENT BY J & J, INC.**, had the distribution rights thereto).

24. By reason of the aforementioned conduct, the aforementioned defendants willfully violated 47 U.S.C. §605 (a).

25. By reason of the aforementioned defendants' violation of 47 U.S.C. §605 (a), plaintiff, **ENTERTAINMENT BY J & J, INC.**, has a private right of action pursuant to 47 U.S.C. §605.

26. As a result of the aforementioned defendants' willful violation of 47 U.S.C. §605 (a), plaintiff, **ENTERTAINMENT BY J & J, INC.**, is entitled to damages, under 47 U.S.C. §605 (e)(3)(C)(i)(II) and (ii) of up to $110,000.00 as to each defendant. 24. Pursuant to 47 U.S.C. §605, plaintiff, **ENTERTAINMENT BY J & J, INC.**, is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT II

27. Plaintiff hereby incorporates paragraphs "1" through "26", inclusive, as though fully set forth herein.

28. That upon information and belief, defendants and/or their agents, servants, workmen or employees, and each of them knowingly, modified a device or utilized equipment, knowing or

having reason to know that the device or equipment is used primarily in the assistance of the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other prohibited activity.

29. 47 U.S.C. §605 (e)(4) prohibits the modification or utilization of a device or equipment knowing or having reason to know it is used primarily in the assistance of the unauthorized decryption of satellite cable programming or direct-to-home satellite services (such as the transmission for which plaintiff, **ENTERTAINMENT BY J & J, INC.**, had the distribution rights thereto), or is intended for any other activity prohibited under 47 U.S.C. §605 (a).

30. By reason of the aforementioned conduct, each of the aforementioned defendant's violation of 47 U.S.C. §605, plaintiff, **ENTERTAINMENT BY J & J, INC.**, has a private right of action pursuant to 47 U.S.C. §605.

31. As a result of the aforementioned defendants' violation of 47 U.S.C. §605 (e)(4), plaintiff, **ENTERTAINMENT BY J & J, INC.**, is entitled to damages, under 47 U.S.C. §605 (e)(3)(C)(i)(II) of up to $100,000.00 as to each defendant. 30. Pursuant to 47 U.S.C. §605, plaintiff, **ENTERTAINMENT BY J & J, INC.**, is also entitled to an award of full costs, interest and reasonable attorney's fees.

### COUNT III

32. Plaintiff hereby incorporates paragraphs "1" through "31", inclusive, as though fully set forth herein at length.

33. With full knowledge that the Program was not to be received and exhibited by entities unauthorized to do so, the defendants and/or their agents, servants, workmen or employees did exhibit the Program at the above-captioned addresses at the time of its transmission willfully and for

purposes of direct or indirect commercial advantage or private financial gain.

34. 47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system (such as the transmission for which plaintiff, **ENTERTAINMENT BY J & J, INC.**, had the distribution rights thereto).

35. That the defendants individually, upon information and belief, willfully and illegally intercepted said Program when it was distributed and shown by cable television systems.

36. By reason of the aforementioned conduct, all of the aforementioned defendants willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

37. As a result of the aforementioned defendants' violation of 47 U.S.C. §553, plaintiff is entitled to damages in an amount up to $60,000.00, plus the recovery of full costs, interest and reasonable attorney's fees.

## COUNT IV

## BREACH OF CONTRACT

38. Plaintiff hereby incorporates paragraphs "1" through "37", inclusive, as though fully set forth herein at length.

39. That upon information and belief the defendants have previously and/or subsequently purchased broadcasts from the plaintiff.

40. That upon purchasing said programming the defendants enter into a contract with the plaintiff, which, in addition to licensing the broadcast, requires the defendants to report any incidents of broadcast piracy of plaintiff's programming to plaintiff.

41. That the defendants herein had actual knowledge of such acts of piracy of plaintiff's property, yet failed to disclose same to plaintiff.

42. That as a result thereof the defendants have breached their contractual relationship with plaintiff.

43. That the plaintiff, **ENTERTAINMENT BY J & J, INC.**, has been consequently damaged in the sum of 75,000.00, together with the costs, disbursements and reasonable attorneys fees as to each defendant.

## COUNT V

## BREACH OF IMPLIED CONTRACT

44. Plaintiff hereby incorporates paragraphs "1" through "43", inclusive, as though fully set forth herein at length.

45. That upon information and belief the defendants exhibited said broadcasts above referred to, the rights to which were owned by the plaintiff herein.

46. That by exhibiting said programming the defendants entered into an implied contract with the plaintiff, which, requires payment therefore.

47. That the defendants exhibited but failed to pay the plaintiff for same.

48. That as a result thereof the defendants have breached their contractual relationship with plaintiff.

49. That as a result the plaintiff, **ENTERTAINMENT BY J & J, INC.**, has been consequently damaged in the sum of $ 75,000.00, together with the costs, disbursements and reasonable attorneys fees as to each defendant.

## COUNT VI

## FRAUD

50. Plaintiffs hereby incorporate by reference all of the allegations contained in paragraphs "1" through "49", inclusive, as though set forth herein at length.

51. By its acts as aforesaid in exhibiting the Program at the above-captioned address, the aforementioned defendants fraudulently obtained possession of the Program and converted it to its own use and benefit.

52. The aforesaid acts of the aforementioned defendants were willful, malicious, and intentionally designed to harm plaintiff, **ENTERTAINMENT BY J & J, INC.**, and to subject said plaintiff to economic distress.

53. That upon information and belief the defendants took willful and purposeful actions to fraudulently conceal its illegal actions from the plaintiff by using stealth techniques which involve the de-scrambling of encrypted signal and/or illegal modification of television reception devices (off air, cable and/or satellite), in an attempt to fraudulently deprive the plaintiff of its license fees for said broadcast.

54. Accordingly, the plaintiff, **ENTERTAINMENT BY J & J, INC.**, is entitled to both compensatory damages in the amount of $75,000.00, as well as punitive damages in the amount of $225,000.00 from the aforementioned defendants as the result of defendants' egregious fraudulent conduct.

WHEREFORE, the plaintiff, **ENTERTAINMENT BY J & J, INC.**, requests that judgment be entered in its favor and against each of the aforementioned defendants granting to plaintiff the following:

    (a) On the first cause of action, statutory penalties in the amount of $110,000.00 as to each defendant for their willful violation of 47 U.S.C. §605 (a);

    (b) On the second cause of action, statutory penalties in the amount of $100,000.00

# VERIFICATION

STATE OF NEW YORK)
                 ) ss:
COUNTY OF ULSTER )

JULIE COHEN LONSTEIN, being duly sworn, deposes and says:

I am the attorney of record for the plaintiff, **ENTERTAINMENT BY J & J, INC.**, in the within action and have read the foregoing Verified Complaint and know the contents thereof.

That the same is true to my knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

The reason that this verification is made by me and not by the plaintiff, **ENTERTAINMENT BY J & J, INC.**, is that the plaintiff does not reside in the County in which my office is located.

The ground of my belief as to all matters not stated upon my own knowledge were ascertained from my review of the file and conversations held with my client, **ENTERTAINMENT BY J & J, INC.**

_____
JULIE COHEN LONSTEIN

Sworn to before me this
19th day of March, 2001.

_____
Martha E. Dymond
Notary Public, State of New York
Registration No. 4874397
Residing in Ulster County
My Commission Expires on November 17, 2002

-11-