

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 0 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ENTERTAINMENT BY J & J, Inc. § | |
| as Broadcast Licensee of the September 18, § | |
| 1999 DeLaHoya/Trinidad, Program, § | |
| § | CIVIL ACTION NO. B-01-051 |
| vs. § | |
| § | |
| BALDEMAR TORRES, JR., ET AL § | |

<u>ORIGINAL ANSWER OF MARCELLA LOUISE ERVIN</u>

TO THE HONORABLE HILDA G. TAGLE:

    COMES NOW MARCELLA LOUISE ERVIN Individually and d/b/a Pelican's (hereafter Defendant) and files this her Original Answer to Plaintiff's Original Complaint, and for such would show unto the Court as follows:

    1.    Defendant objects to the misjoinder of this matter with the other defendants. She has no knowledge or information or connection with them and requests this Court to sever any causes of action alleged against her from those alleged against the other named defendants.

    2.    Defendant does not dispute the allegations of paragraph I and admits jurisdiction under 47 U.S.C. §§553, 605.

    3.    Defendant admits that 28 §1331 states that district courts have certain jurisdiction as alleged.

    4.    Defendant cannot admit or deny and therefore denies that this court has jurisdiction because of a diversity of citizenship and also that the matter in controversy exceeds $75,000.00. Defendant is a tavern owner in Port Mansfield, Willacy County, Texas and has no knowledge or information about the plaintiff.

    5.    Defendant as aforesaid, resides in Willacy County, Texas. Defendant does not know or have any other information about any other person named as a party in this action.

    6.    Defendant denies this Court to have ancillary or pendent state jurisdiction in this matter.

    7.    Defendant denies that she has violated any of plaintiff's rights. She further denies that she intercepted or converted any property of plaintiff.

8. Defendant has no information or knowledge of the plaintiff.

9. Defendant has no information about or knowledge of defendant, Baldemar Torres, Jr. nor does she have any information about or knowledge of BT'S Sports Pub & Grill.

10. Defendant is an individual residing in Port Mansfield, Willacy County, Texas who owns a tavern called Pelican's. This is sole proprietorship owned by Marcella Louise Ervin. There is only one location.

11. Defendant has no information about or knowledge of defendant, Minerva Ramierz (sic) Sandoval. (Defendant suspects the name is Ramirez.) Nor does she have any knowledge of or information about defendant, Desperado's Nightclub.

12. Defendant has no information to admit or deny the allegations contained in ¶18 regarding the plaintiff's ownership of rights to any boxing match. Defendant denies the allegations of same.

13. Defendant has no information to admit or deny the allegations contained in ¶19 about any conduct or agreements of the plaintiff.

14. Defendant has no information to admit or deny the allegations contained in ¶20 about any conduct or agreements or expenditures of the plaintiff.

15. Defendant denies the allegations of ¶21 that she received, exhibited, intercepted, published or descrambled the De La Hoya/Trinidad Program. Defendant also denies that she has any agents, servants, workmen or employees who engaged in such conduct.

16. Defendant denies the allegations of ¶22.

17. Defendant is without any knowledge or information about the allegations of ¶23.

18. Defendant denies the allegations of ¶24.

19. Defendant denies the allegations of ¶25 and denies she violated any statute which gives any rights to plaintiff.

20. Defendant denies plaintiff is entitled to any damages from her as alleged in ¶26.

21. Defendant denies the allegations of ¶28. Defendant did not modify or utilize any device or equipment to illegally decrypt any satellite cable programming or satellite service and neither did her agents, servants and employees.

22. The allegations of ¶29 seem to be merely a restatement of the referenced statute and does not allege any conduct of Defendant.

Page 2

23. Defendant denies that plaintiff has any cause of action against her as alleged in ¶30.

24. Defendant denies plaintiff is entitled to any damages from her as alleged in ¶31.

25. Defendant denies the allegations of ¶33 that she received, exhibited, intercepted, published or descrambled the De La Hoya/Trinidad Program. Defendant also denies that she has any agents, servants, workmen or employees who engaged in such conduct.

26. The allegations of ¶34 seem to be merely a restatement of the referenced statute and does not allege any conduct of Defendant.

27. Defendant denies the allegations of ¶35 that she received, exhibited, intercepted, published or descrambled the De La Hoya/Trinidad Program. Defendant also denies that she has any agents, servants, workmen or employees who engaged in such conduct.

28. Defendant denies that plaintiff has any cause of action against her as alleged in ¶36.

29. Defendant denies plaintiff is entitled to any damages from her as alleged in ¶37.

30. Defendant does not believe she has ever had any dealing with plaintiff and denies the allegations of ¶39.

31. Defendant denies the allegations of ¶40.

32. Defendant denies the allegations of ¶41.

33. Defendant denies the allegations of ¶42.

34. Defendant denies the allegations of ¶43.

35. Defendant denies the allegations of ¶45.

36. Defendant denies the allegations of ¶46.

37. Defendant denies the allegations of ¶47 because she did not exhibit or publish the program.

38. Defendant denies the allegations of ¶48.

39. Defendant denies the allegations of ¶49. Defendant did not exhibit or publish the program. Defendant does not even make that much in one year much less in one night.

40. Defendant denies the allegations of ¶51 as she did not obtain or convert the program.

41. Defendant denies the allegations of ¶52 as she did no act as alleged.

Page 3

42. Defendant denies the allegations of ¶53 as she did not do any of the acts alleged.

43. Defendant denies the allegations of ¶54. It is unlikely that Defendant will earn over the next 30 years the amounts which plaintiff seeks.

WHEREFORE PREMISES CONSIDERED, Defendant prays that upon trial hereof, she go hence with her costs without day.

Respectfully submitted,

BONNER & BONNER
Attorneys for Respondent
Post Office Box 288
Harlingen, Texas 78551
Telephone: (956) 423-9152
Facsimile: (956) 428-0671

By _____
Curtis Bonner
State Bar No. 02611000
Federal I.D. 1177

## CERTIFICATE OF SERVICE

A true and correct copy of the above and was mailed certified mail, return receipt requested to Julie Cohen Lonstein, Attorney for Plaintiff, at 1 Terrace Hill, Box 351, Ellenville, New York 12428 on May 10th, 2001.

_____
Curtis Bonner

Page 4