

23

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 0 6 2001

Michael N. Milby
Clerk of Court

--------------------------------------------------------------

ENTERTAINMENT BY J & J, INC., as
Broadcast Licensee of the **September 18, 1999
DeLaHoya/Trinidad** Program,

                Plaintiff,

     -against-                            Civil Action No. B-01-051
                                                       Hon. Hilda G. Tagle

BALDEMAR TORRES, JR., Individually, and
d/b/a BT'S SPORTS PUB & GRILL a/k/a BT'S
a/k/a BT'S SPORTS BAR and BT'S SPORTS
PUB & GRILL a/k/a BT'S a/k/a BT'S SPORTS
BAR; *et al*

                Defendants.

--------------------------------------------------------------

## JOINT REPORT OF RULE 26 MEETING AND
## JOINT DISCOVERY /CASE MANAGEMENT PLAN

1. **State where and when the meeting of the parties required by Rule 26 was held, and identify the counsel who attended for each party.**

    Julie Cohen Lonstein, Esq.    Attorney for Plaintiff

2. **List the cases related to this one that are pending in any state or federal court, with the case number and court.**

    None

3. **<u>Briefly</u> describe what this case is about.**

    By contract, Plaintiff, **ENTERTAINMENT BY J & J, INC.**, was granted the right to distribute the DeLaHoya/Trinidad program and its undercard bouts on September 18, 1999, via closed circuit television and via encrypted satellite signal. Pursuant to the contract, Plaintiff entered into subsequent agreements with various entities in the State of Texas, allowing them to publicly exhibit the Program to their patrons. Plaintiff alleges that Defendants and/or their agents, servants, workmen and employees used an illegal satellite receiver, intercepted Plaintiff's signal and/or used an illegal cable converter box or device to intercept Plaintiff's broadcast which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems. Plaintiff

alleges Defendants' acts are in violation of its rights and of 47 U.S.C. §605 and §503.

4. **Specify the allegation of federal jurisdiction.**

   Jurisdiction is based on diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332(a)(1). The matter in controversy is between citizens of different states and it exceeds the sum value of $75,000.00, exclusive of interest and costs.

5. **Name the parties who disagree and the reasons.**

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None

7. **List anticipated interventions.**

   None

8. **Describe class-action issues.**

   None

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   Initial disclosures have been served by Plaintiff. Defendant will serve initial disclosures on or before **July 16, 2001.**

10. **Describe the proposed agreed discovery plan, including:**

    A. **Responses to all the matters raised in Rule 26(f).**

       Discovery will be completed by **November 1, 2001**.

    B. **When and to whom the plaintiff anticipates it may sent interrogatories.**

       Plaintiff sent interrogatories on **June 5, 2001**, to Marcella Ervin, Individually and d/b/a Pelican's.

    C. **When and to whom the defendant anticipates it may send interrogatories.**

-2-

>   Defendant anticipates sending interrogatories to Plaintiff on or before **July 18, 2001**.

> D. **Of whom and by when the plaintiff anticipates taking oral depositions.**
>
>   Plaintiff anticipates taking oral depositions of Defendant Marcella Ervin, and other witnesses to the event as revealed by discovery.
>
> E. **Of whom and by when the defendant anticipates taking oral depositions.**
>
> F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**
>
>   Expert reports do not apply to Plaintiff; Defendants will serve expert reports on or before **September 21, 2001**.
>
> G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**
>
>   Plaintiff will depose Defendants' experts on or before **October 15, 2001**.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    None

13. **State the date the planned discovery can reasonable be completed.**

    **November 1, 2001**

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    A demand was made by Plaintiff upon Defendant; no offer has been made in return by the Defendant.

16. **From the attorneys' discussions with the client, state the alternative dispute resolution**

-3-

techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

>Plaintiff will leave the designation of the alternative dispute resolution technique to the Court's discretion.

17. **Magistrate judges may hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

>The parties agree to trial before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

>No jury demand has been made.

19. **Specify the number of hours it will take to present the evidence in this case.**

>Eight hours.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

>No motions are pending currently.

21. **List other pending motions.**

>No motions are pending currently.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.**

>None

23. **Certify that all parties have filed Disclosures of Interested Parties as directed in the Order of Conferences and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

>Plaintiff's Disclosure of Interested Parties was filed with the Clerk of the Court on or about March 23, 2001.

24. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

_[signature]_                                                          Date: July 2, 2001

Julie Cohen Lonstein
LONSTEIN LAW OFFICE, P.C.
Counsel for Plaintiff,
Attorney in Charge
NYS Bar Roll No. 2393759
S.D. TX Admission No. 21857
1 Terrace Hill, P.O. Box 351
Ellenville, New York 12428
Tel: (845) 647-8500
Fax: (845) 647-6277
*Our file no. C99-5TX-S06*

## CERTIFICATION OF SERVICE

This is to certify that the foregoing Joint Report of Rule 26 Meeting was served upon the following by facsimile and regular mail on July 2, 2001.

Curtis Bonner, Esq.
Bonner & Bonner
P.O. Box 288
103 S. Third Street
Harlingen, TX 78551

_[signature]_
Julie Cohen Lonstein

-5-