27

United States District Court
Southern District of Texas
FILED

AUG 1 3 2001

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ENTERTAINMENT BY J & J, Inc. | § | |
| as Broadcast Licensee of the September 18, | § | |
| 1999 DeLaHoya/Trinidad, Program, | § | |
| | § | CIVIL ACTION NO. B-01-051 |
| vs. | § | |
| | § | |
| BALDEMAR TORRES, JR., ET AL | § | |

## JOINT REPORT OF RULE 26 MEETING AND
## JOINT DISCOVERY/CASE MANAGEMENT PLAN

1. **State where and when the meeting of the parties required by Rule 26 was held, and identify the counsel who attended for each party.**

There was no meeting as counsel for defendant, Marcella Ervin was on vacation when Plaintiff filed its Joint Report. Defendant, Marcella Ervin, files this her portion of the report relying on the Report filed by plaintiff.

2. **List the cases related to this one that are pending in any state of federal court, with the case number and court.**

None

3. **Briefly describe what this case is about.**

Plaintiff alleges ownership of the rights to distribute a boxing match which occurred on September 18, 1999. Plaintiff alleges that this defendant exhibited that match in her bar without the right or permission to do so. Defendant denies having allowed the exhibition of the fight in her bar. She had no knowledge of the fight or its exhibition at Pelican's. Any exhibition was done without her knowledge and consent. Had she known a prohibited program was being exhibited she would have attempted to prevent any such exhibition.

4. **Specify the allegation of federal jurisdiction.**

Plaintiff alleges jurisdiction on diversity of citizenship and an amount in controversy exceeding $75,000.00.

5.   **Name the parties who disagree and the reasons.**

Defendant, Marcella Ervin disagrees that the amount in controversy could possibly be as much as $75,000.00 since that is probably 10 times her annual income

6.   **List additional parties that should be included, when they can be added, and by whom they are wanted.**

Defendant believes that the perpetrators who allegedly exhibited this event in her bar should be added but she does not know who that was.

7.   **List anticipated interventions.**

   None.

8.   **Describe class-action issues.**

   None.

9.   **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   Plaintiff has served its disclosures. Defendant will serve initial disclosures contemporaneously with the filing of this report.

10.   **Describe the proposed agreed discovery plan, including:**

   A.   **Responses to all the matters raised in Rule 26(f).**

      Discovery can be completed by November 1, 2001.

   B.   **When and to whom the plaintiff anticipates it may send interrogatories.**

      Plaintiff alleges it has sent interrogatories to Marcella Ervin.

   C.   **When and to whom the defendant anticipates it may send interrogatories.**

      Defendant anticipates sending interrogatories to Plaintiff on or before August 31, 2001.

   D.   **Of whom and by when the plaintiff anticipates taking oral depositions.**

      Plaintiff reports it anticipates taking oral depositions of Defendant and other witnesses as revealed by the discovery.

      E.      **Of whom and by when the defendant anticipates taking oral depositions.**

      None at this time.

      F.      **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

      Plaintiff alleges expert reports do not apply to it. Defendant anticipates she will have no experts or expert reports.

      G.      **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) expert report.**

      Plaintiff proposes to depose defendant's experts before October 15, 2001.

**11.**    **If the parties are not agreed on a part of the discovery plan, describe the separate views of each party.**

      It is not believed there is any disagreement.

**12.**    **Describe the discovery beyond initial disclosures that has been undertaken to date.**

      None from Defendant.

**13.**    **State the date the planned discovery can reasonably be completed by.**

      November 1, 2001

**14.**    **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your rule 26(f) meeting.**

      The parties are several thousand dollars apart on the settlement of this case so settlement may not be possible.

**15.**    **Describe what each party had done or agreed to do to bring about a prompt resolution.**

      Plaintiff made an offer of settlement. Defendant has responded to that offer with a counter offer. If Defendant were more affluent then it is likely this case could be resolved.

16. From the attorneys' discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

It is possible that mediation could result in a settlement of this matter however this defendant has advised her counsel she wants to terminate him because she cannot afford to pay him so she really has no means to pay for representation or mediation or any judgment which might be rendered against her in this matter. Utilizing the Cameron County Bar Association settlement week procedures which provide mediators at reduced amounts might be an effective way to mediate this matter.

17. Magistrate judges may hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

Defendant has no opposition to a trial conducted before a magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

No jury demand has been made though yesterday defendant advised counsel she wished a jury trial.

19. Specify the number of hours it will take to present the evidence in this case.

Plaintiff has represented it will take 8 hours to try this case. Defendant does not disagree.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

Defendant, Marcella Ervin, has pending a Motion to Sever which is set for August 22, 2001. She has also requested that her counsel withdraw and a Motion to Withdraw will be filed at or before that date.

21. List other pending motions.

None other than those set out above.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.

None.

ClibPDF - www.fastio.com

23. Certify that all parties have filed Disclosures of Interested Parties as directed in the Order of Conferences and Disclosure of Interest Parties, listing the date of filing for original and any amendments.

Plaintiff alleges filing of such disclosure on March 23, 2001. Defendant is a sole proprietor and will file same contemporaneously with this Report.

24. List the names bar numbers addresses and telephone numbers of all counsel.

| | |
|---|---|
| Curtis Bonner | Julie Cohen Lonstein |
| State Bar No. 02611000 | NYS Bar Roll No. 2393759 |
| Federal I.D. 1177 | S.D. Texas Admission No. 21857 |
| Post Office Box 288 | 1 Terrace Hil, P. O. Box 351 |
| Harlingen, Texas 78551-0288 | Ellenville, NY 12428 |
| Telephone: (956) 423-9152 | Telephone: 845 647-8500 |
| Facsimile: (956) 428-0671 | Facsimile: 845 647-6277 |

Dated: August 8, 2001

Respectfully submitted,

BONNER & BONNER
Attorneys for Defendant
Post Office Box 288
Harlingen, Texas 78551
Telephone: (956) 423-9152
Facsimile: (956) 428-0671

By _____
Curtis Bonner
State Bar No. 02611000
Federal I.D. 1177

## CERTIFICATE OF SERVICE

A true and correct copy of the above and was mailed certified mail, return receipt requested to Julie Cohen Lonstein, Attorney for Plaintiff, at 1 Terrace Hill, Box 351, Ellenville, New York 12428 on August 10, 2001.

_____
Curtis Bonner

ClibPDF - www.fastio.com